The People of the State of New York, Plaintiff, *v.* The American Steam Boiler Insurance Company of New York City, Defendant.

In the Matter of the Claim of the Gendron Iron Wheel Company, Appellant.

Henry S. Ward, as Receiver, etc., Respondent.

*Policy of insurance — limitation as to the time within which an action can be brought — from what date computed.*

A policy of insurance issued by a steam boiler insurance company contained a clause providing that "no suit or proceeding shall be brought to recover any sum for loss of property arising under this policy unless commenced within one year from the date of the explosion or accident, nor for loss arising from injury to person   *   *   *   unless commenced within three years from said date   *   *   *   and in case a suit instituted by a third party against the assured for personal injury or loss of life be pending at the termination of said period of three years a suit may be brought against the company within six months from the termination of said suit, and not later."

Upon the trial of an action brought by the assured against the receiver of the insurance company to recover damages resulting from an explosion in which an employee of the assured had been injured, it appeared that an action brought by such employee against the assured had resulted in a judgment in favor of the plaintiff, which was affirmed on appeal, the order of affirmance being entered October 13, 1893, and that the judgment was paid October 28, 1893. The claim in suit was not presented until April 23, 1894, the assured claiming that its cause of action did not accrue until it had paid the judgment.

*Held,* that the claim was barred by the limitation contained in the policy, that the period of six months in which a suit could be brought as provided by the policy dated from the termination of the suit and not from the date of the payment of the judgment.

Appeal by the claimant, the Gendron Iron Wheel Company, from a judgment of the Supreme Court in favor of Henry S. Ward,

as receiver of the American Steam Boiler Insurance Company of New York city, entered in the office of the clerk of the county of New York on the 1st day of March, 1895, upon the report of a referee dismissing the claim of the Gendron Iron Wheel Company.

*A. W. Gleason,* for the appellant.

*J. C. O' Conor* and *G. M. Spier,* for the respondent.

PARKER, J.:

An affirmance of the judgment is required upon the ground that the claim is barred by the limitation contained in the policy. That the claim was not presented within six months from the termination of the suit against the assured is too clear for questioning. It is only by attempting to read into the provision something which would not have occurred to either of the parties to the contract but for the neglect to file a claim seasonably, that the claimant is able to present a question for consideration.

The American Steam Boiler Insurance Company insured the claimant against loss or damage by explosion of, or accident to, two steam boilers, the policy expressly including damages sustained by an employee, and recovered by him against the assured.

While the policy was in force an explosion occurred in which an employee was injured, and other damage done. For the latter a claim was presented and paid. But the claim for injuries sustained by the employee was contested in the trial court, and on appeal resulted in a judgment which was finally affirmed, the order of affirmance being duly entered October 13, 1893.

The policy provides that " No suit or proceeding shall be brought to recover any sum for loss of property arising under this policy, unless commenced within one year from the date of the explosion or accident; nor for loss arising from injury to person * * * unless commenced within three years from said date * * * and in case a suit instituted by a third party against the assured for personal injury or loss of life be pending at the termination of said period of three years, a suit may be brought against the company within six months from the termination of said suit, and not later."

If the suit of the employee terminated October 13, 1893, when the mandate of the Circuit Court was filed with the clerk of the Court of Common Pleas of Lucas county, this claim should have been presented within six months, or on or before April 13, 1894. It was not presented until April twenty-third, ten days later.

After October thirteenth, two events happened which the claimant seeks to make use of to save it from the natural result of its neglect. These events are: (1) The payment of the judgment by the claimant on October twenty-eighth. (2) The payment of the costs November first.

As to the first, the claim is that the assured had no cause of action until after it had paid the judgment; could not present a claim until then, and, therefore, had six months from the time its cause of action accrued within which to prosecute it.

If this position be well taken, then the limitation provided for by the contract was dependent upon the time of payment of the judgment instead of upon the termination of the suit. And, as payment could be postponed by the assured for so long a period as it could arrange with its judgment creditor, the right to determine when the six months period should begin to run would rest with the assured. But the language of the provision does not admit of such a construction. It provides that the period of six months shall date from the termination of the suit, not from the date of payment. It was within the power of the assured, through a prompt payment of the judgment, to make both dates the same, and thus to secure, if desired, six months after the cause of action accrued within which to present its claim. But it had not the right to postpone the period by refusing to pay the judgment.

The decisions to which the appellant calls our attention, such as *Steen* v. *Niagara Fire Insurance Co.* (89 N. Y. 315), do not call for a different construction of the language employed in this contract from that which we have given to it.

In *Steen's* case, it is true, the court held that the provision in the policy limiting the time for bringing an action to a " term of twelve months next after the loss or damage shall occur," did not bar an action by the assured until fourteen months thereafter. But the reason assigned for the conclusion reached was, that the company intended to give the insured a full period of twelve months, within

any part of which he might commence his action. And having postponed the assured's right to bring an action until sixty days after the receipt of the proofs of loss by the company, it was apparent that it did not intend to include that period within the period of limitation.

The court said : " The parties cannot be presumed to have suspended the remedy and provided for the running of the period of limitation during the same time."

If this policy provided for a postponement of payment of the judgment by the assured after the termination of the suit against it, the *Steen* case would be in point and controlling ; as it is, it has no bearing whatever.

The second event relied on, to wit, the payment of costs on November first, is in the main answered by what we have said in relation to the payment of the judgment.

Claimant's counsel in his brief suggests that, as the costs constituted part of the recovery, the suit was not finally terminated until after they were taxed.

Assuming this position to be well taken, the difficulty with its application to the facts contained in this record is, that it nowhere appears that the costs were not taxed on the day the *remittitur* was entered.

All the information we have relating to costs is found in three receipts entered upon the appearance docket.

The first receipt, dated October twenty-eighth, is for the judgment " except the costs," and authorizes the clerk to cancel the judgment of record.

The second is dated November first, and acknowledges the receipt of clerk's and notary fees from the sheriff.

The third entry acknowledges the filing of receipts for witness fees on the fourteenth of November.

The record, therefore, does not furnish a basis for the position the appellant suggests rather than urges.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.