(10 App. Div. 9.)

### PEOPLE v. AMERICAN STEAM-BOILER INS. CO.

### In re JOHNSON & JOHNSON.

(Supreme Court, Appellate Division, First Department.  November 6, 1896.)

CASUALTY INSURANCE—LIMITATION OF ACTION—CLAIM UNDER POLICY.
    A claim against a casualty insurance company for disbursement for surgical aid to a person injured, and for the defense of an action by such person for the injuries, is governed by the same limitation as is prescribed by the policy for the losses arising under the policy; no independent contract by the insurer to pay such items being shown.

Appeal from special term, New York county.
Claim by Johnson & Johnson, a foreign corporation, against Henry S. Ward, as receiver of the American Steam-Boiler Insurance Company.  The claim was dismissed, and claimant appeals.  Affirmed.
Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William C. Wallace, for appellant.
J. C. O'Conor, for respondent.

PATTERSON, J.  The claimant, Johnson & Johnson, a New Jersey corporation, held a policy of insurance issued by the American Steam-Boiler Insurance Company.  That company went into the hands of a receiver, to whom the claim of Johnson & Johnson was presented.  It was rejected.  A reference was agreed to, and, after a hearing, the referee reported adversely to the claimant.  From the judgment entered, after confirmation of the report of the referee, dismissing the claim with costs, this appeal was taken.

According to the verified statement of claim presented to the receiver, that claim consisted of a demand for payment of the amount of a judgment recovered in New Jersey by one Martin Cauley for injuries received by him while in the employment of Johnson & Johnson, and for moneys paid out and expended by it for immediate medical aid rendered to Cauley at the time his injuries were received, and for moneys expended in the defense of the Cauley action.  These two items of expense are alleged in the statement to have been disbursements incurred at the special instance and request of the insurance company, and appear to be counted on as constituting causes of action arising independently of the policy.  That policy was issued to cover the year 1890, from the 1st of January.  It contained, among other things, a clause insuring Johnson & Johnson against "accidental personal injury and loss of human life, for which injury or loss of life the assured may be liable to his employés or to any other persons whomsoever, and which shall be caused by said boilers or any machinery of whatever kind,

connected with or operated thereby." Cauley entered the service of Johnson & Johnson on May 26, 1890, and on the same day received serious injuries while operating a machine at which he was set to work. In July, 1891, by his guardian, he brought an action against Johnson & Johnson, and recovered a judgment therein for $7,500, which judgment was entered in April, 1892. Johnson & Johnson appealed from such judgment, and in November, 1892, the appellate court in New Jersey reduced the judgment to $4,000, and affirmed it at that sum, and the amount thereof was paid by Johnson & Johnson in November, 1892. No claim arising under or outside of the policy was presented by Johnson & Johnson until March, 1894; that is to say, 4 years after the accident happened, and 16 months after the final judgment in the appellate court was recovered, and the amount thereof paid. Among the conditions of the policy, and forming part thereof, is the following:

"No suit or proceeding shall be brought to recover any sum for loss of property arising under this policy unless commenced within one year from the date of the explosion or accident, nor for loss arising from injury to person or from loss of life unless commenced within three years from said date; and in case a suit instituted by a third party against the assured for personal injury or loss of life be pending at the termination of said period of three years, a suit may be brought against the company within six months from the termination of said suit and not later."

That identical provision of the policy of the American Steam-Boiler Insurance Company was construed by the general term in the matter of the claim of the Gendron Iron Wheel Co., 89 Hun, 456, 35 N. Y. Supp. 322, and on a state of facts presenting the same question as that involved here with respect to the limitation contained in the policy; and it was there held that the period of six months in which a suit may be brought, as provided by the policy, dated from the terminaton of the suit. The delay of the claimant in presenting the claim in this matter for 16 months is fatal to its right to recover under the terms of the policy. This case is not distinguishable from that cited.

It is argued that the claimant was entitled to recover for the moneys disbursed for medical and surgical aid, and in the defense of the Cauley action, outside of the terms of the policy of insurance. It is sufficient to say, upon that subject, that the proofs submitted to the referee do not establish an independent contract, express or implied, to pay the assured for either of those items of expense. What transpired in the correspondence between the assured, the company, and the attorney of the company, and what was said between Mr. Van Cleef and the attorney for the company, is insufficient to make out an independent contract of the nature suggested. The policy provided for reimbursement to the assured for medical aid furnished under such circumstances, and also provided for the company undertaking the defense of an action brought against the assured, and the breach of the contract by the insurance company in these respects would furnish a claim arising under and not outside of the policy; for, by the terms of that policy, any outlay for immediate medical or surgical relief was to be deemed part of the liability of the company under the policy, and its obliga-

tion to defend the suit is also one assumed by the policy, and any action for a breach of that contract would be necessarily one arising under and connected with the liability it assumed in the policy, and would therefore come under the limitation of time fixed for the beginning of a suit against the company.

The judgment appealed from must be affirmed, with costs. All concur.