AMELIA SULLIVAN, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

INSURANCE — LIMITATION OF ACTION UPON POLICY — WAIVER     An action upon a policy of life insurance, which provided that any suit or action thereon should be commenced within six months after the death of the insured, brought after the expiration of such time is barred, unless the provisions of the limitation clause have been waived, although in a previous action, which had been commenced in time, the service of the summons and complaint had been vacated and set aside as unauthorized; the facts that within three or four days after the death of the insured the plaintiff delivered to the defendant the proofs of death, together with the policy and an assignment thereof and that the latter has since retained them, do not establish a waiver.

*Sullivan* v. *Prudential Ins. Co.*, 63 App. Div. 280, reversed.

(Argued October 23, 1902; decided November 18, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered

August 2, 1901, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The action was brought by the assignee of a policy of insurance, issued by the defendant upon the life of Patrick J. McGuinness, who died on April 3d, 1895. The defense interposed by the answer, and which furnished the issue for trial, was that the action had not been commenced within six months after the decease of McGuinness, the insured. The clause of the policy, upon which this defense was rested, provides as follows : " No suit or action at law or in equity shall be maintainable with respect to the payment of this policy until after the filing in the principal office of the company of the above mentioned proof of death, nor unless such suit or action shall be commenced within six months next after the decease of the person insured under this policy ; and it is expressly agreed that, should any such suit or action be commenced after the expiration of said six months, the lapse of time shall be deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary, notwithstanding." Upon the trial it was established, without dispute, that within three or four days after the death of McGuinness, the insured, the plaintiff delivered to the defendant company the proofs of death, together with the original policy of insurance and the assignment of the same to the plaintiff, and that all of these documents had remained in the possession and control of the defendant since their delivery to it ; that a previous action had been commenced by the plaintiff to recover upon the same policy of insurance, by the service of a summons and complaint, on October 3d, 1895, upon an agent of the defendant, which service had been, by an order of the court, vacated and set aside as unauthorized, void and of no effect ; that thereafter, on December 26th, 1895, the plaintiff commenced the present action. Upon these facts the plaintiff's counsel asked for the direction of a verdict and the defendant's counsel moved to dismiss the complaint, upon the ground that the cause of action was outlawed before the commencement of the action by the limita-

tion in the contract.   The latter motion was denied by the
court and a verdict was directed for the plaintiff; to which
ruling and direction the defendant duly excepted.   The judg-
ment entered upon the verdict, as directed, was affirmed by
the Appellate Division, in the second department, and the
defendant has appealed to this court.

*William O. Campbell* for appellant.   The action was barred
by the limitation in the contract six months after the date of
McGuinness' death, April 3, 1895.   (*Wilkinson* v. *F. Nat.
Bank,* 72 N. Y. 499; *Dougherty* v. *Met. L. Ins. Co.,* 3 App.
Div. 313; *Arthur* v. *H. F. Ins. Co.,* 78 N. Y. 162.)   There
was no waiver by defendant of the period of limitation by
contract.   (*Titus* v. *G. F. Ins. Co.,* 81 N. Y. 410; *Dougherty*
v. *Met. L. Ins. Co.,* 3 App. Div. 313; *Arthur* v. *H. F. Ins.
Co.,* 78 N. Y. 462; *Sergent* v. *L. & L. & G. Ins. Co.,* 155
N. Y. 349.)

*Joseph T. Magee* and *Seward Baker* for respondent.   The
appellant was estopped, by its conduct, from pleading the
period of limitation in the policy, and had, in fact, waived
the same.   (*Goodwin* v. *M. M. L. Ins. Co.,* 73 N. Y. 480;
*Prentice* v. *K. L. Ins. Co.,* 77 N. Y. 483; *Sergent* v. *L. & L.
& G. Ins. Co.,* 155 N. Y. 349; *Dougherty* v. *Met. L. Ins. Co.,*
3 App. Div. 313; *Mayor, etc.,* v. *H. F. Ins. Co.,* 39 N. Y.
45.)   There is evidence in this case to support the decision of
the trial court, and the judgment should, therefore, not be
disturbed.   (*Dillon* v. *Cockcroft,* 90 N. Y. 649; *Adams* v.
*R. L. Co.,* 159 N. Y. 176; *Smith* v. *Weston,* 159 N. Y. 194.)

GRAY, J.   The only question for our consideration is
whether the defendant was estopped by its conduct from
insisting upon the limitation clause in the policy and had,
thereby, waived the same.   The plaintiff claims, and her
claim in that respect has been sustained below, that the reten-
tion by the defendant of the policy, and of the documents con-
nected therewith and with the proofs of death, justified her in

the assumption and misled her into the belief that its pro-
visions would be waived.

The right of the parties, by their written contract, to pre-
scribe a shorter limitation for its enforcement than that con-
tained in the Code of Civil Procedure cannot be questioned.
That right is clearly recognized in section 414; where it is
provided that the general provisions of that chapter of the
Code should not apply to " a case, where a different limitation
is specially prescribed by law, or a shorter limitation is pre-
scribed by the written contract of the parties." (Subdiv. 1.)
It was not claimed, and it cannot well be, that the limitation
in this contract was unreasonable.  The cause of action arose
upon the death of the insured and the obligation of the
insurer was fixed, if it had not been avoided by some breach
of the policy.  The commencement of an action to enforce it,
unless excused by law, or by the act of the insurer, was rea-
sonably possible and proper within a period of six months
thereafter.

But, further, the plaintiff had recognized the force of the
obligation upon her and her perfect ability to commence an
action within the time prescribed, in bringing her previous
action within the contractual period.  What then, therefore,
is there in the facts which constitutes a waiver on the part of
the defendant of the limitation clause?  Waiver by a party of
any contractual right is a matter of intention.  It is not pre-
tended that an intention to waive is to be found elsewhere
than in inferences, which are claimed to be deducible from
the continued possession by the defendant of the various
documents, and they are too shadowy to be entertained in the
presence of so distinct a clause.  It appears that, on Septem-
ber 16th, 1895, the plaintiff had been notified by letter of the
commencement of an action against the defendant by the
administratrix of McGuinness, the insured, upon the policy of
insurance and that, unless she came in and defended the
action, the amount of the policy would be paid to the adminis-
tratrix.  She, then, commenced an action to recover upon the
policy on October 3d, 1895, which was within the period of

limitation prescribed.    She, thus, showed that the possession
of the policy and of the papers was not essential to the com-
mencement of the action.    Her action showed that she did
not regard their retention by the defendant as indicating any
waiver of the limitation clause.    If, by deferring her action
as long as she did, she placed herself in a position where its
dismissal, for the nullity of the service of the summons, was
ordered, that is her misfortune.    The agreement of the parties
was clear; its object was definite and compliance therewith
was possible.

In the case of *Arthur* v. *Homestead Fire Ins. Co.* (78 N.
Y. 462), which was an action upon a fire insurance policy, in
which was contained a limitation clause of one year, the plain-
tiff's recovery against the defendant was reversed in this court,
upon the ground that the action, having been commenced
after the time prescribed therefor in the policy, was too late.
In that case, a previous action, commenced within the con-
tractual period, had been abandoned by the plaintiff, who,
thereafter, instituted the one which came to this court.    The
plaintiff there claimed that, because of certain conduct on
the part of the defendant's agents, affecting the mainte-
nance of the previous suit, and of the acceptance by the
defendant of the costs of the action, which had been aban-
doned, there had been a waiver by it of the condition of the
contract.    But the claim was not considered tenable in this
court and it was held that these facts could not advantage the
plaintiff, or confer any new right against the defendant.    In
*Wilkinson* v. *First National Fire Insurance Company*, (72
N. Y. 499), where there was a short limitation in the insur-
ance policy in question, it was claimed that an injunction,
restraining the insurance company from paying and the
insured from receiving any money on account of the loss of
the insured property, until the further order of the court,
excused the bringing of an action by the assignee of the
policy within the time specified in the policy.    The claim was
not allowed and the action was held to be barred by the lapse
of time.    It was observed, in the opinion by Judge ANDREWS,

that "the provision fixing the time within which an action must be brought is distinct, definite and unqualified. The contract contains no saving of the right of action after the expiration of a year from the loss, for any cause whatever; and unless the bringing of the action within the time limited by the contract was waived by the defendant, or was excused and made impossible by the act of God or of the law, the remedy of the plaintiff has been lost." The right to prescribe in a contract a shorter limitation to actions was upheld, as consistent with the policy upon which statutes of limitations are founded, and the right of the party to insist upon the benefit of that feature of the contract was recognized. In Joyce on Insurance, (section 3204), the author observes that "the weight of authority seems to support the rule that if a suit is brought within the time provided in the policy, but is dismissed or discontinued for any reason, and a subsequent suit is brought after the expiration of the time limited, though perhaps immediately upon the dismissal or discontinuance of the first suit, the second action cannot be maintained."

In my opinion, the evidence did not disclose any conduct on the part of the defendant, which amounted to a waiver of the limitation clause of the policy, and the plaintiff was in no position, even, to assert that she had been misled by the defendant, in view of having, in fact, commenced one action within the time prescribed.

For these reasons, I advise a reversal of the judgment and the ordering of a new trial, with costs to abide the event.

PARKER, Ch. J., O'BRIEN and BARTLETT, JJ., concur; HAIGHT, MARTIN and VANN, JJ., dissent.

Judgment reversed, etc.