### TOLMIE v. FIDELITY & CASUALTY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

**1. INSURANCE—EMPLOYERS' LIABILITY POLICY—CONDITIONS—ACTION—PROOF.**

Where an employers' liability policy provided that it did not insure against injuries caused by a subcontractor or his workmen, it was necessary for insured to prove, in an action on the policy, that the liability on which the action was based did not arise from any act of a subcontractor or a subcontractor's servant.

**2. SAME—ACTION ON POLICY—EVIDENCE OF LIABILITY—JUDGMENT IN FORMER ACTION.**

A contractor erecting a building for a city gave it a bond of indemnity against liability by reason of his negligence, and defendant casualty company insured the contractor against liability for damages on account of injuries, but it was provided that the indemnity should not cover injuries caused by a subcontractor or by a subcontractor's servant. A person fell into an excavation made for the building, was injured, and obtained a judgment against the city, the casualty company having knowledge of the action and an opportunity to defend; and the city recovered from the contractor, who sued the casualty company. *Held*, that the judgment roll in the action against the city was evidence of the defect which caused the injury, and of the injured person's freedom from negligence, and the amount recovered, but it did not establish whether the defect was due to the negligence of insured, or the negligence of a subcontractor or a subcontractor's servant.

**3. SAME—LIMITATIONS—CONDITIONS OF POLICY.**

Code Civ. Proc. § 414, provides that the general provisions as to limitations of actions will not apply to a case where a shorter limitation is prescribed by the written contract of the parties. *Held*, that a stipulation in an employers' liability policy that no action should be brought thereon after the expiration of the period within which an action for damages on account of the injuries might be brought, unless at the expiration of such period there should be a suit pending against the insured on account of such injuries, was valid, though the period prescribed for bringing an action against the insurer was less than that provided for by statute.

Ingraham, J., dissenting.

Appeal from Trial Term.

Action by Murdo Tolmie against the Fidelity & Casualty Company of New York. From a judgment in favor of defendant (84 N. Y. S. 1020), and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

L. Laflin Kellogg, for appellant.
Edwin A. Jones, for respondent.

McLAUGHLIN, J. On the 2d of November, 1895, one Robert Wood and Murdo Tolmie, composing the firm of Wood & Tolmie, entered into a contract with the city of New York to build for it a public overlook in Corleas Hook Park, and agreed that during the performance of the work they would place proper guards around the same, and at night keep suitable and sufficient lights for the prevention of accidents, and would indemnify the city against any and all liability or damage which it might sustain by reason of their negligence. A few days later they entered into a contract with M. Kane & Son, by which the latter agreed to do all the excavating and furnish all the materials necessary for the erection of the building, and also "to be responsible for any accident caused to persons or property through inattention, * * * defective materials or the carelessness or neglect of * * * workmen while in the performance of this contract." Wood & Tolmie, prior to entering into the contract with the city, obtained from the defendant a policy of indemnity insurance, by which the defendant agreed to indemnify them in the aggregate sum of $10,000, and to any one person in the sum of $1,500, for a period of one year, against liability for damages on account of fatal or nonfatal injuries accidentally suffered by any of their employés, and, by an indorsement annexed to and forming a part of the policy, the indemnity was extended so as to cover their liability to workmen employed by other contractors and the public, arising out of personal injuries caused by them or their workmen, "but not caused by a subcontractor or subcontractor's workmen." On the 19th of November, 1895, one McGann fell into an unguarded excavation which had been made for said building, and sustained injuries, for which he claimed damages against the city, and subsequently brought an action to enforce the same. The defendant was notified by Wood & Tolmie of McGann's injury, in accordance with the terms of the policy, and we think a fair consideration of all the evidence shows that it had notice of the commencement of the action by McGann against the city, and that it was requested, or at least had an opportunity, to defend the same. Its attorney did take charge of the trial, though he testified, and the jury found, that in doing so he acted for the city, and not for this defendant. It is, however, in view of the conclusion at which we have arrived, of no importance in which capacity he acted. After the commencement of the McGann action, certain moneys of Wood & Tolmie were retained, under a clause in their contract with the city, for the purpose of indemnifying the latter against any sum which it might become liable to pay in that action; and for the purpose of releasing such funds, on the 28th of March, 1896, they and the City Trust, Safe Deposit & Surety Company of Philadelphia gave a bond to the city which provided that, in consideration of the city's paying the moneys due to the plaintiff, they would indemnify and save it harmless against "all loss, damage, costs, charges, and expenses" to which it might be put, or which might be recovered against it, by reason of the McGann claim, and action brought by him, "whether groundless or otherwise," and would pay and satisfy all judgments which might be recovered by McGann by

reason thereof. On the 14th of May, 1898, McGann recovered a judgment against the city for $1,727.35, and, after the same had been paid, the city brought an action against Wood & Tolmie and the City Trust, Safe Deposit & Surety Company of Philadelphia upon their undertaking. A recovery was had, each of the defendants offering judgment for the amount claimed. After this judgment had been paid to the city, this plaintiff, as the surviving member of the firm of Wood & Tolmie, brought this action to recover from the defendant the sum of $1,500 upon its policy of indemnity. At the trial the plaintiff introduced in evidence the judgment roll in the case of McGann against the city, but offered no proof dehors the record as to whether the accident was caused by the negligence of Wood & Tolmie, or their subcontractors, M. Kane & Son. At the conclusion of the trial two questions were submitted to the jury: (1) Whether the attorney who defended the action of McGann against the city did so for the city or this defendant. And (2) whether such attorney had notice of the commencement of the action by the city against this plaintiff. In answer to these questions, the jury found (1) that such attorney acted solely for the city; and (2) that he did have notice of the commencement of the action by the city against this plaintiff. The court thereupon—both parties having moved for the direction of a verdict—directed a verdict in favor of the defendant, to which plaintiff excepted, and, from the judgment thereafter entered in accordance therewith, plaintiff has appealed.

I am of the opinion that the judgment should be affirmed. The plaintiff failed to prove a material fact which rendered the defendant liable under its policy. The policy did not indemnify Wood & Tolmie against personal injuries caused by a subcontractor or a subcontractor's workmen, and, before a recovery could be had, it was necessary to prove that the injury to McGann was "caused by the assured or by the assured's workmen," and not by M. Kane & Son or their workmen. The fact that such proof had to be made was appreciated by the pleader who drew the complaint, because it is there alleged that the injury to McGann "was not caused by a subcontractor or a subcontractor's workmen, but it was claimed * * * to have been caused by the negligence of the said Wood & Tolmie and their workmen and employés." The evidence satisfactorily established that the defendant had notice of, and was afforded an opportunity to defend, the action brought by McGann against the city. The judgment roll in that action therefore is conclusive evidence against it of the defect which caused the injury, the injured party's freedom from negligence, and the amount recovered. Mayor, etc., v. Brady, 151 N. Y. 611, 45 N. E. 1122; Carleton v. Lombard, Ayres & Co., 149 N. Y. 137, 43 N. E. 422; O. S. N. Co. v. Campania Trans. Espanola, 144 N. Y. 663, 39 N. E. 360. But it does not establish, nor was any evidence offered from which the jury could find, whether the defect which caused the injury was due to the negligence of Wood & Tolmie, or to the negligence of M. Kane & Son. The plaintiff having failed to show that the same was caused by the former instead of the latter, the court could not do otherwise than dismiss the complaint, or direct a verdict for the defendant.

I am also of the opinion that the judgment should be affirmed because the action was not brought within the time specified in the policy. The policy provided that:

"No action shall lie against the company after the expiration of the period within which an action for damages on account of the given injuries or death might be brought by such claimant or his representatives against the assured unless, at the expiration of said period there is a suit arising out of such accident pending against the assured in which case an action may be brought in respect to the claim involved in such action against the company by the assured within thirty days after final judgment is rendered in such suit and not later."

McGann was injured on the 19th of November, 1895, and an action to recover damages therefor had to be brought within three years thereafter. Section 383, subd. 5, Code Civ. Proc. No action was pending against the plaintiff in this action at the expiration of such time, nor was any action ever brought by McGann or any one else against this plaintiff on a cause of action "arising out of such accident" for damages on account of the "given injuries." The only action brought against the plaintiff was that brought by the city, which arose out of a bond given by him and the City Trust, Safe Deposit & Surety Company of Philadelphia, and that was commenced on or subsequent to January 4, 1899. The parties had a right to prescribe a shorter limitation for the enforcement of an action under the policy than that provided by statute. Such right is recognized in section 414 of the Code of Civil Procedure, where it is provided that the general provisions of that chapter of the Code will not apply to "a case where a different limitation is specially prescribed by law or a shorter limitation is prescribed by the written contract of the parties." Subdivision 1. Thus it was held in Wilkinson v. First National Fire Ins. Co., 72 N. Y. 499, 28 Am. Rep. 166, where a policy of insurance contained a provision that no suit for the recovery of any claim thereunder should be sustained, unless commenced within 12 months after loss or damage, that an action commenced after the expiration of the 12 months would not be maintained; that an injunction restraining the insurance company from paying, and the insured from receiving, any money on account of the loss of the insured property, until the further order of the court, was not a waiver of that provision of the policy. This case was followed in Arthur v. Homestead Fire Ins. Co., 78 N. Y. 462, 34 Am. Rep. 550. There an action was brought upon a fire insurance policy which contained a limitation clause of one year, and the plaintiff's recovery was reversed upon the ground that the action, having been commenced after the time prescribed in the policy, was too late. It was also followed in the recent case of Sullivan v. Prudential Ins. Co. of America, 172 N. Y. 482, 65 N. E. 268, where it was held that an action could not be maintained upon a policy of life insurance, inasmuch as it had not been commenced within the time provided in the policy. The same rule was applied by this court in People v. American Steam Boiler Ins. Co., 10 App. Div. 9, 41 N. Y. Supp. 631.

In the case now before us the defendant's policy provided, as we have already seen, that an action could not be maintained upon it

after the expiration of the period within which an action for damages on account of the injuries or death might be brought, which was three years, unless at the expiration of that period there was a suit arising out of such accident pending against the assured. There was no such action pending at the expiration of three years, and therefore, by express provision of the policy, the present action, having been thereafter brought, could not be maintained.

Other errors are alleged, but the conclusion thus reached renders it unnecessary to pass upon them.

The judgment and order are right, and should be affirmed, with costs.

PATTERSON, O'BRIEN, and LAUGHLIN, JJ., concur.

INGRAHAM, J. I dissent, as I think the judgment recovered against the city was binding upon the plaintiffs by reason of the obligation assumed by the plaintiffs to protect the work so as to avoid such an accident as was occasioned to McGann, who obtained the judgment against the city, and that the failure of the plaintiffs to protect the work while in charge of a subcontractor was the cause of the liability to the city, and consequently was a liability of the plaintiffs and covered by the policy of insurance. Assuming that, as between the plaintiffs and their subcontractors, it was the subcontractors' duty to protect this work, as between the city and the plaintiffs it was the plaintiffs' duty, and a duty which they were bound to perform. Having failed to perform that duty, and, as a result of that failure, a liability was imposed upon them, it was expressly within the terms of the defendant's policy of insurance, as a liability "arising out of personal injuries caused by them." When the action was commenced against the city, the city notified the plaintiffs of that action, and that they must defend. The plaintiffs thereupon notified the defendant of the pendency of that action, and of their obligation to defend it, and, after that notice was received, counsel for the defendant assisted in the defense of the action; and, whatever the private understanding with the city's representative was, as between the plaintiffs and this defendant, they were acting in pursuance of the obligation contained in the policy of insurance, and a judgment against the city in that action, of which the insurance company had due notice, was a judgment which imposed a liability upon the plaintiffs, and for which the defendant was liable. The fact that that judgment was based upon a neglect of these plaintiffs to perform their obligation under their contract with the city was an adjudication that the plaintiffs had failed to perform their contract with the city, and no other proof was required to establish the plaintiffs' liability; and, the plaintiffs' liability having been established, the defendant's liability followed. I think, therefore, the plaintiffs were entitled to a verdict. I also think the action was brought in time, as the action which was pending against the city, and of which the plaintiffs had notice, and which was being defended by the counsel for the defendant, was "a suit arising out of such accident pending against the insured," within the provisions of the policy.