### PATE v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Term, Second Department. October 18, 1912.)

1. INSURANCE (§ 623*)—LIFE INSURANCE—WAIVER.

Where an insurance company wrote several letters to a claimant under the policy, notifying her that the fund was claimed by another and that the company could not do anything without his consent, and then notified her that the fund would be paid to the other claimant on a certain date, and later that it had been so paid, all of which notices were received by her within six months after the death of the insured, the company did not thereby waive a provision of the policy that no action should be maintainable on it, unless commenced within six months after the death of the insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1551–1553; Dec. Dig. § 623.*]

2. INSURANCE (§ 668*)—ACTION ON POLICY—DISMISSAL ON PLAINTIFF'S EVIDENCE.

Where, in an action on a life policy, the plaintiff's evidence showed that the insurance fund had been paid to the assignee of an equitable interest, justifying the payment under a clause of the policy, the complaint was properly dismissed.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770; Dec. Dig. § 668.*]

3. ELECTION OF REMEDIES (§ 10*)—WHAT CONSTITUTES.

Where a claimant under a life insurance policy brings an action against the company with knowledge that the insurance has been paid to an assignee of the same, she cannot thereafter sue such assignee.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 13; Dec. Dig. § 10.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Mary E. Pate, as administratrix, against the Prudential Insurance Company of America. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued October term, 1912, before CRANE, ASPINALL, and PUTNAM, JJ.

Joseph W. Middlebrook, of New York City, for appellant.
Isidore Solomon, of Brooklyn, for respondent.

CRANE, J. The insured, Samuel Douglass, died June 24, 1910. The first action brought by the plaintiff to recover on the two pol-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

icies of insurance issued on his life was commenced April 13, 1911—almost 10 months thereafter. Clause 9 of the policy provides that no action shall be maintainable on the contract of insurance unless it shall be commenced within 6 months next after the death of the person insured. This has been held to be a legal limitation. Sullivan. v. Prudential Insurance Co., 172 N. Y. 482, 65 N. E. 268.

[1] The only way in which the plaintiff can avoid the bar of this ninth clause, pleaded as a defense, is by claiming a waiver. She says that Cuff, the Newburg agent, told her to do nothing, and the company would pay her. She most certainly must have misunderstood him; for, commencing with July 11, 1910, down to December 14, 1910, she received numerous letters from the company, all in evidence, informing her that one Leicht claimed the fund, and she could not have it without his consent. On July 11th a letter informed her that Leicht was a claimant, and that she must arrange with him; one, dated July 18th, stated that Leicht claimed the money; another, dated September 16th, refused to do anything until she had come to an agreement with Leicht; the October 27th letter stated that the company could not do anything without his consent; while the one dated November 25th notified her that the company would pay Leicht in full, and on December 14th she was informed that Leicht had been paid. All of these letters were received by the plaintiff before the expiration of the six-months limitation. How they constitute a waiver of that limitation I am unable to comprehend. On the contrary, the plaintiff was informed very early that she could not have the money, as Leicht claimed it as assignee. In fact, she wrote the company, November 23d, that she had waited long enough and would fight. There was no waiver, and the defense was complete, requiring a dismissal of the complaint.

[2] Another ground would also justify the same result. The plaintiff introduced sufficient evidence to warrant the conclusion that Leicht, the assignee, had been paid. He had an equitable interest, justifying payment under the second ·clause of the policy, and the court should have so held.

[3] As to the claim of election of remedies, I believe that the first action constituted the election, and that the plaintiff, if she knew all the facts, could not sue Leicht. As to this defense, I believe it untenable; but the defenses above stated were good, and should have been a bar to any recovery.

Judgment reversed, and new trial granted; costs to abide the event. All concur.