action brought by her will be met by that statute of limitations. This case, it seems to me, is very much like that of Jones v. City of Albany, 151 N. Y. 223, 45 N. E. 557. There the inquiry was whether section 45 of the then charter of the city of Albany suspended the right of the plaintiff to bring an action against the said city to recover damages for a personal injury until the lapse of a period of three months after the presentation of a claim therefor to the common council of that city. It was there stated as follows:

"It is the general rule that an intention to change the rule of the common law will not be presumed from doubtful statutory provisions; the presumption is that no such change is intended, unless the statute is explicit and clear in that direction."

It will be noticed that in this case at bar the time set by the comptroller for the examination of the plaintiff concerning the claim which she had presented against the city was fixed for the 29th day after the presentation of the claim, thus leaving to the comptroller but one day to settle or adjust the claim, if he so determined, before the plaintiff could begin her action. As it was, the full 30 days had gone by before the action was begun. If the taking of the oral examination under the circumstances above outlined was a condition precedent to the plaintiff's right to sue, then her action was brought prematurely. But it is well-settled law that conditions are not to be favored, and should not be implied, unless the intent to create them is plain. Arnold v. Village of North Tarrytown, 137 App. Div. 68, 122 N. Y. Supp. 92; Id., 203 N. Y. 536, 96 N. E. 1109; Jones v. City of Albany, supra. The question here involved is not free from doubt, but I think we should not be justified in holding, under the circumstances of this case, that the plaintiff's action was brought prematurely.

The plaintiff's exceptions should be sustained, and a new trial granted, costs to abide the event. All concur.

---

AUTOMATIC SPRINKLER CO. OF AMERICA v. EMPLOYERS' LIA-
BILITY ASSUR. CORPORATION, LIMITED, OF LONDON.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

1. APPEAL AND ERROR (§ 171*)—CHANGE OF THEORY ON APPEAL.
    Where the trial court directed a verdict in favor of plaintiff on the theory that the action was for breach of contract, the verdict cannot be sustained on appeal on the theory that the action was independent of any contract.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1063, 1066, 1067, 1161–1165; Dec. Dig. § 171.*]

2. INSURANCE (§ 622*)—LIABILITY INSURANCE—ACTIONS—LIMITATION.
    Under Code Civ. Proc. § 414, allowing the parties to establish by written contract a shorter limitation of action than provided by law, an employer protected by liability insurance must bring his action to recover for loss or expense for which the insurer was liable within the time prescribed by the policy.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1540, 1544–1550; Dec. Dig. § 622.*]

Appeal from Trial Term, Kings County.

Action by the Automatic Sprinkler Company of America against the Employers' Liability Assurance Corporation, Limited, of London. From an order setting aside a directed verdict in favor of plaintiff and granting defendant a new trial, plaintiff appeals. Order affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

J. Stewart Ross, of Brooklyn, for appellant.

Bertrand L. Pettigrew, of New York City (Walter L. Glenney, of New York City, on the brief), for respondent.

STAPLETON, J. The plaintiff sued the defendant to recover damages in the sum of $12,626. That sum was in excess of the sum of $5,000, which the defendant paid the plaintiff in discharge of its obligation under a contract of insurance against casualty. By that contract the defendant agreed to indemnify the Manufacturers' Automatic Sprinkler Company for damages paid by it on account of bodily injuries accidentally suffered by its employés while at or about its work, described in a schedule attached to the contract, by reason of the prosecution of the work at the location described in the schedule. The period covered by the insurance began on the 30th day of January, 1909, and ended on the 30th day of January, 1910.

The contract contained conditions. Those pertinent to this discussion read:

"Condition A: The corporation's liability on account of an accident resulting in such injuries to one person, including death, is limited to five thousand ($5,000) dollars and subject to the same limit for each person, the corporation's total liability on account of any one accident resulting in injuries to more than one person, including death is limited to ten thousand ($10,000) dollars.

"In addition to the limits specified above, the corporation will pay all expenses resulting from claims upon the assured on account of bodily injuries, including death, as aforesaid; but the assured shall not voluntarily assume any liability, nor shall the assured, without the written consent of the corporation previously given, incur any expense or settle any claim, except at his own cost, or interfere in any negotiation for settlement, or in any legal proceeding; except that the assured may provide, at the corporation's expense, at the time of the accident, such immediate surgical relief as is imperative. Whenever requested by the corporation, the assured shall aid in securing information and evidence, and the attendance of witnesses and in effecting settlements and in prosecuting appeals."

"Condition E: If thereafter any suit, even if groundless, is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the corporation every summons or other process as soon as the same shall have been served upon him, and the corporation will, at it own cost, defend such suit in the name and on behalf of the assured, unless the corporation shall elect to settle the same or to pay the assured the indemnity provided for in condition A hereof, in which case the corporation shall not be liable for any further expenses after such payment shall have been made.

"Condition F: No action shall lie against the corporation to recover for any loss or expense under this policy unless it shall be brought by the assured, for loss or expense incurred and paid in money by the assured, after the trial of the issue; nor unless such action is brought within ninety (90) days after the payment of such loss or expense."

On September 27, 1909, one O'Neill, an employé of the assured, who was within the scope of the contract, accidentally suffered bodily injury. On October 11, 1909, he commenced an action against the assured to recover damages. The cause was tried April 26 to May 2, 1910, and on May 5, 1910, judgment was entered upon a verdict in O'Neill's favor for $17,120.05. On May 26, 1910, the assured directed the insurer to appeal from the judgment. On July 15, 1910, the assured, pursuant to the Business Corporations Law (Laws of 1909; c. 12, art. 2, constituting chapter 4 of the Consolidated Laws), consolidated with the plaintiff. The judgment was affirmed, and on March 20, 1911, it was paid by the plaintiff. To the amount paid the defendant contributed $5,000 and the costs on appeal. On October 12, 1911, this action was commenced. Upon the trial the defendant expressly stated that it did not question the right of the plaintiff to prosecute the action as the successor of the assured.

The complaint alleged the corporate character of the parties; the making of the contract of insurance, which it pleaded in extenso; the consolidation of the assured and the plaintiff; the injury to O'Neill; the institution of his suit against the assured; the exercise of the defendant of its rights under conditions A and E of the contract (which conditions have been hereinbefore quoted), whereby it took the O'Neill litigation from the control of the assured and exclusively controlled it; the result of that suit; the payment of the O'Neill judgment by the plaintiff; the contribution of $5,000 to that payment by the defendant; the opportunity of the defendant, at one stage of the litigation, to settle and obtain a release from O'Neill for $500, at another stage for $1,000, and at a still later stage for $4,000; the offer of the defendant to settle for $350 at the time of O'Neill's offer to settle for $500; the offer of the defendant to settle for $750 at the time of O'Neill's offer to settle for $1,000; and the offer of the defendant to settle for $3,750 at the time of O'Neill's offer to settle for $4,000; the failure of the defendant, at any time before O'Neill recovered his judgment, to communicate the information of these offers to the assured; and the negligence of the defendant in not communicating to the assured the information of those offers, to the assured's damage. The amended answer of the defendant denied the offers of settlement for $500 and $1,000. It denied the offer to settle for $4,000. It alleged, perhaps needlessly, that an attorney connected with the office of O'Neill's attorney made an offer to settle the O'Neill claim for $4,000; that the defendant offered $3,700 in settlement; that the assured was advised of the offer, but not, however, until the offer had been withdrawn by the attorney's representative who made it; and that it had no knowledge or information sufficient to form a belief that that representative was authorized by O'Neill to make the offer. It pleaded, as a bar to the action, the defense of a short limitation prescribed by the written contract of the parties. Upon the trial the court refused to submit to the jury the question of the defendant's negligence in failing to inform the assured of the alleged offers of settlement, as there was no evidence that an authorized, unequivocal, and unconditional offer of settlement had been made at any time. The learned trial justice induced the

plaintiff's counsel to amend his complaint by adding to it a paragraph which reads:

"That by reason of the foregoing facts, as hereinbefore alleged, the Manufacturers' Automatic Sprinkler Company was compelled to pay, to satisfy the judgment obtained against it by John O'Neill, the sum of $12,898.80, and by reason of that payment, so compelled to be made by the Manufacturers' Automatic Sprinkler Company, the Manufacturers' Automatic Sprinkler Company and its successors were damaged in the sum of $12,898.80."

The court thereupon directed a verdict for the plaintiff for the full amount claimed. The theory of the direction, as announced by the court, was that the defendant, having elected to contest the liability of the assured to the person injured, was absolutely obligated by its agreement to pay any judgment recovered against the assured. The court entertained and subsequently granted a motion to set aside the verdict and for a new trial as a matter of law, because the action was not commenced within the period prescribed in the contract as the time within which an action to recover under the policy must be brought. From the order effecting that determination, this appeal is taken.

[1, 2] The sole question presented for adjudication, therefore, is: Is this action barred by the agreement of the parties contained in condition F, hereinbefore quoted; it being conceded that it was not brought within the time therein prescribed? We think, clearly, that the action was brought to recover for loss and expense incurred and paid in money after a trial of the issue between the employé and the assured. The appellants assert that the action was not brought under the policy, and that the provisions of condition F do not apply; that the action was for the negligence of the defendant in failing to protect the interest of the assured, for whom it acted as its attorney and on its behalf. If it be granted that a breach of duty, independent of the mere contract obligation between the parties, upon which a liability could be based, was pleaded, the concession is unserviceable, as it was held by the trial court that negligence was not proved.

The verdict having been directed upon the theory that there was a breach of contract, the action must be considered as one brought under the contract; and, it not having been brought within the time prescribed by the agreement of the parties, within which an action must be instituted, the order was properly made, and it must be affirmed, with costs. Section 414, Code of Civil Procedure; Tolmie v. Fidelity & Casualty Co., 95 App. Div. 352, 88 N. Y. Supp. 717, affirmed 183 N. Y. 581, 76 N. E. 1110. All concur.