Henry Clay Greenberg, J.
This motion by the defendant for partial summary judgment dismissing the second and third causes of action is granted.
(1) The motion to dismiss the second cause of action is predicated on the one-year limitation of time within which to commence an action contained in the contract entered into between the parties. Such a provision has been recognized and enforced by the courts (Lowry v. Inman, 46 N. Y. 119; Fortunato v. Patten, 147 N. Y. 277; Sullivan v. Prudential Ins. Co., 172 N. Y. 482).
(2) Pursuant to article 67 of the contract “no action shall lie or be maintained against the Board or the City upon any claim based upon this contract or arising out of this contract or out of anything done in connection with this contract, unless such action shall be commenced within one year after the date of the acceptance of the work under this contract by the Board ’ ’. On January 19,1956 the board issued its final payment certificate accepting the work performed by the plaintiff. Ordinarily the plaintiff would be required to commence its action prior to January, 1957.
However, it was entitled to an additional 30 days thereafter (the period during which the comptroller is authorized and *818 empowered to employ for the purpose of examining, settling and adjusting claims), to commence suit. Accordingly, plaintiff’s time for the commencement of the action expired February 18, 1957. The action was commenced on February 25, 1957. This was not timely. (See Woodcrest Constr. Co. v. City of New York, 185 Misc. 18, affd. 273 App. Div. 752, and Soviero Bros. Contr. Corp. v. City of New York, 2 N Y 2d 924 [Mar., 1957] which affirmed without opinion the decision of the Appellate Division [286 App. Div. 435].)
(3) Plaintiff’s contention that it was not aware of the issuance of the certificate of acceptance of the work is without merit. The moving papers establish beyond question that plaintiff received, accepted and cashed the final payment warrant in the sum of $39,419.70, dated February 15, 1956. By the receipt of this check plaintiff knew that the work had been accepted by the board and that it was a condition precedent to final payment that the board’s certificate of acceptance be filed in the comptroller’s office. Plaintiff was thus alerted and failure to commence the action within the prescribed time may not be laid at the door of the Board of Education (see Clemente v. City of New York, N. Y. L. J., Sept. 27, 1956, p. 7, col. 2 [Arthur Markewich, J.]).
(4) The third cause of action is completely without merit. The court finds no basis in the authorities which would justify payment to the plaintiff of a counsel fee for instituting the present action.
Settle order.